UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CAIZZI,<br><br>    Plaintiff,<br><br>v.<br><br>DHL EXPRESS (USA), INC.,<br><br>    Defendant. | Civil Action No. 1:21-cv-11843-RGS |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

To facilitate the prompt resolution of disputes over confidentiality and adequately protect confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, the parties in the above-captioned matter hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Regarding Confidential Information (the "Order"):

1.     **Scope.** This Order shall govern the production, use, and disclosure of all information and materials produced by the parties either in their Rule 26(a) Initial Disclosures or in response to any discovery request in this action (including, but not limited to, documents, interrogatory answers, responses to requests for admission, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2.     **Designation of Confidential Discovery Material.** Either party may, in good faith, designate as "Confidential" and therefore, subject to the protections and requirements of this Order, any Discovery Material that the designating party reasonably believes contains confidential information that would be subject to protection under Fed. R. Civ. P. 26(c), has not been disclosed

to the public and that the producing party treats as confidential in the ordinary course of business (collectively, "Confidential Discovery Material"). No designation of Discovery Material as confidential shall be effective as to a particular page of Discovery Material unless the legend "Confidential" is affixed to the bottom left-hand corner of that page. In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., CD Rom disc or thumb drive) containing such electronic documents. Confidential Discovery Material shall be used by the receiving party solely for the prosecution or defense of this action and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. The parties will cooperate with reasonable promptness to designate as confidential any appropriate Discovery Material produced prior to entry of this Order.

3. **Designation of Transcripts.** When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the designating party shall, at the conclusion of such proceeding, temporarily designate the entire transcript as Confidential Discovery Material by so informing all parties and the stenographer and/or court reporter. All parties agree to temporarily maintain such confidentiality pursuant to the terms of this Order. The designating party agrees that within thirty (30) days after receipt of the original transcript or a copy thereof, it will review the transcript and affix the legend "Confidential" to only those portions thereof and/or exhibits thereto which actually contain confidential information, and provide revised transcripts reflecting such designations to all other parties; however, the designating party must complete this process no later than seven (7) days prior to the deadline for filing any dispositive motion or motion related to class certification; otherwise, the temporary designation of the entire transcript as Confidential Discovery Material shall be deemed removed.

to the public and that the producing party treats as confidential in the ordinary course of business (collectively, "Confidential Discovery Material"). No designation of Discovery Material as confidential shall be effective as to a particular page of Discovery Material unless the legend "Confidential" is affixed to the bottom left-hand corner of that page. In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., CD Rom disc or thumb drive) containing such electronic documents. Confidential Discovery Material shall be used by the receiving party solely for the prosecution or defense of this action and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. The parties will cooperate with reasonable promptness to designate as confidential any appropriate Discovery Material produced prior to entry of this Order.

3. **Designation of Transcripts.** When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the designating party shall, at the conclusion of such proceeding, temporarily designate the entire transcript as Confidential Discovery Material by so informing all parties and the stenographer and/or court reporter. All parties agree to temporarily maintain such confidentiality pursuant to the terms of this Order. The designating party agrees that within thirty (30) days after receipt of the original transcript or a copy thereof, it will review the transcript and affix the legend "Confidential" to only those portions thereof and/or exhibits thereto which actually contain confidential information, and provide revised transcripts reflecting such designations to all other parties; however, the designating party must complete this process no later than seven (7) days prior to the deadline for filing any dispositive motion or motion related to class certification; otherwise, the temporary designation of the entire transcript as Confidential Discovery Material shall be deemed removed.

4.    **Permissible Disclosures of Confidential Discovery Material.** Confidential Discovery Material may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

(a) This Court, or any other court having jurisdiction over any related proceeding and that adopts the procedures and provisions contained in this Order, and the officers, employees, and any stenographic reporters of such courts;

(b) In-house and outside counsel representing the parties and their support personnel whose functions require access to such Confidential Discovery Material (collectively "Attorney Professionals");

(c) The parties, including present officers and employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims in this action;

(d) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

(e) Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action;

(f) A witness who has been noticed or subpoenaed for deposition or a court appearance in this action to the extent reasonably necessary for the preparation or giving of his or her testimony about Confidential Discovery Material;

(g) Any other person who is so designated by order of any court before which this action is pending (including this Court), or by written agreement of the producing party.

3

No Confidential Discovery Material may be disclosed to persons identified in subparagraphs (e) or (f) until they have reviewed this Order and have executed a written agreement in the form attached hereto as <u>Exhibit A</u>, which executed agreement shall be maintained by counsel of record for the party making the disclosure to such persons (provided that counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or without order of the Court).

5. **Dispute Regarding Classification.** In the event that the receiving party objects to the designation of Confidential Discovery Material, the receiving party shall provide written notification of all such objection(s) to counsel for the designating party within thirty (30) days after the completion of Fact Discovery, as ordered by the Court. The parties agree to confer in good faith in an attempt to resolve any disputes regarding designations made pursuant to this Order within seven (7) days of receipt of such written notification. If the parties are unable to reach agreement regarding the appropriateness of a designation, counsel for the party asserting confidentiality shall apply to the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure within seven (7) days of notice that the parties were unable to resolve the issue or the documents in dispute. If the designating party files a motion for a protective order within the seven (7) day window contemplated herein, the parties agree that any Confidential Discovery Materials subject to challenge shall remain subject to the protections of this Order unless and until the Court determines otherwise.

6. **Use of Confidential Discovery Material.** Persons obtaining access to Confidential Discovery Material contemplated by this Order shall use the information only in connection with the above-captioned action (including motion practice, mediation, appeals and

retrials), and shall not use such information for any other purpose, including, but not limited to use in business, governmental, commercial, administrative, or judicial proceedings or transactions unrelated to the present action.

7.  **Filing of Confidential Discovery Material.** To the extent that any party seeks to file Confidential Discovery Material, the filing party may either (a) file a motion for leave to file the information under seal pursuant to Local Rule 7.2 prior to submitting such material, (b) seek the producing party's consent to file such information without such protections, or (c) file a motion with the Court seeking to file the Confidential Discovery Material not under seal. Any documents filed under seal shall remain sealed while in the office of the Clerk so as to retain their status as Confidential Discovery Material, in accordance with the governing Local Rule of this Court.

8.  **Confidential Discovery Material at Trial.** The protections afforded to Confidential Discovery Material by this Order do not apply to material submitted at trial in this matter. Rather, subject to the Federal Rules of Civil Procedure, Confidential Discovery Material may be offered in evidence at trial. At that time, any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosures. The Court will determine at that time whether the proffered evidence should continue to be treated as confidential and what protection, if any, may be afforded to such information at the trial.

9.  **Non-termination.** The provisions of this Order shall not terminate at the conclusion of this action. Rather, unless otherwise instructed by the Court, within 120 days of conclusion of this action, including any appeals, all Confidential Discovery Material shall be destroyed by the receiving party. The attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Confidential Discovery Material, but such litigation documents and memoranda shall be used only for the purpose of

preserving a file on this action, and shall not, without the written permission of the designating party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of this action. All counsel of record shall certify compliance herewith and shall deliver such certification to counsel for the party who produced or designated the Confidential Discovery Material not more than 150 days after final termination of this litigation.

10. **No Waiver.** The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Material shall not be deemed a waiver of the party's claims of confidentiality. If a party inadvertently or unintentionally produces any such information and/or documents without marking or designating it as confidential, the party may, promptly upon discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each person receiving such a notice must treat the inadvertently-produced, Confidential Discovery Material as confidential from the date such notice is received. If the inadvertently produced document and/or information has been disclosed prior to the receipt of such notice, the party that made the disclosure shall notify the party providing notice of any such disclosure in writing within 14 days.

11. **Effect of Order.** This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in that process. Neither this Order nor the production of any information or document under the terms of this Order nor any proceedings

80932899v.1

pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 25, 2022         /s/ Maria Mancini Scott (JAM w/ permission)
                              Attorneys for Plaintiff

DATED: March 25, 2022         /s/ John T. Ayers-Mann
                              Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 3-28-22                _____
                              United States District/~~Magistrate~~ Judge

7

80932899v.1

**Exhibit A**

**Acknowledgment of Stipulated Protective Order Regarding Confidential Information**

I, _____, state as follows:

My address is

_____.


_____.

My present occupation is

_____.

My telephone number is

_____.

    I have received a copy of the Stipulated Protective Order Regarding Confidential Information in the action entitled *Gregory Caizzi v. DHL Express (USA), Inc.*, Civil Action No. 1:21-CV-11843-RGS, pending in the United States District Court for the District of Massachusetts. I have carefully read and understand the provisions of the Stipulated Protective Order Regarding Confidential Information.

    I agree to comply with all provisions of the Stipulated Protective Order Regarding Confidential Information.

    I agree to not divulge to persons other than those specifically authorized by paragraph 4 of the Stipulated Protective Order Regarding Confidential Information, and will not use, copy, distribute or disclose, except solely for purposes of this litigation, any confidential document or information except as provided herein.

    I agree to return all Confidential Discovery Material to the attorneys who presented this Acknowledgment to me within sixty (60) days after the final conclusion of this litigation whether by dismissal, final judgment or settlement, or sooner if so requested.

Signature: _____

Printed Full Name: _____

Date: _____